PENLETON, President.
A. suit is brought in the General Court, by Edmund Randolph, as Governor and successor to Benjamin Harrison, on a bond entered into by Benjamin Branch, as, sheriff of the county of Chesterfield, with the defendants as his sureties, dated November 5th 1784 and payable to Mr. Harrison, as Governor, and his successors, for the use of the Commonwealth.
The declaration states the bond and condition, which is, that the sheriff ‘ ‘shall faithfully collect, account for and pay the taxes imposed in his county, by virtue of an act of Assembly entitled An act for calling in and redeeming certain certificates;” and the breach assigned is, that he had not collected, accounted for and paid the taxes imposed in his county,, by virtue of that act.
On the plea of conditions performed, and a general replication, the jury find, that Edward Branch senr. had not performed the condition of the bond, in the declaration mentioned, but had broken the same, as in the declaration is assigned; and they assess the damages to ¿3193. 19. 7. Eor which a judgment is entered; and to that judgment, the writ of supersedeas has been awarded.
In the record there is an account, in which the securities are made debtors to the Commonwealth for the amount of the certificate tax of 1785; and after giving credit for commissions and payments into*the treasury, a balance is stated of ¿2777. 7. 6. on which 15 per cent damages are qharged, and ¿50. added, without mentioning for what; making together the before mentioned sum of ¿3193. 19. 7., the amount of the verdict.
The first objection made to this judgment is, that the bond is payable to the Governor instead of the Treasurer; to whom the act of Assembly directed the bond to be made payable: This objection, with its consequences, the Court thought it unnecessary to consider; since a more material objection to the bond occurs, and which was the ground for awarding the supersedeas.
The title of the act, referred to in the condition is, An act for calling in and redeeming certain certificates. And the only act, we find with that title, passed in May 1782; Which imposed taxes to be collected in 1783 only; and was not a continuing tax. In May 1784, an act passed, entitled, An act to revive and amend an act entitled an act for calling in and redeeming certain *390 certificates, reciting in the preamble, that certificates remained outstanding, and it was necessary to revive and amend that act, but without, reference to, or other mention of that act, in the enacting part, the Legislature proceed to impose' taxes for the purpose payable annually on the first day of January; and the Courts are directed to take bonds, yearly, of the sheriffs, in ¿10,000. penalty, payable to the Treasurer for the use of the Commonwealth; with condition for the faithful collection, accounting for, and payment of the taxes thereby imposed, according to the act for establishing a permanent revenue; subject to the regulations, allowances and penalties of that actwhich passed in the year 1782.
It was under the new act, that the present bond should , have been taken, for the collection of 1785: But by mistake, we suppose, it applies to the act of 1782, for the collection of the taxes in 1783; which Branch the.sheriff had nothing to do.with. *The securities therefore are not bound for his. collection in 1785; and the present suit cannot be supported against them on this bond: But the remedy of the Commonwealth is against the sheriff (or rather his éstate, as it seems he is dead,) for the amount of the taxes received. On this, ground the judgment is wholly re-vérsed: W.hich renders , a consideration of the other,objections unnecessary.
On,the trial in á new suit,, two objections occur, as worthy of consideration. The first is, as the taxes were payable, in facilities, and the sheriffs by subsequent laws are allowed to discharge, their arrears by such, whether the jury may not.properly enquire, if the facilities .were at the time, of equal value with specie, anil adjust their damages accordingly? The 2d is, whether .tbey'are bound to charge the sheriff with 15 per cent given by law upon motion, or may not, unbound by that la,w, ’judge for the damages, which he ought to pay for his default? However these points are just hinted for consideration, without the courts meaning to give any influential opinion, either way, upon the subjects.